## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **JOHN RRISD-WA DOE** | § | |
|     **Plaintiff** | § | |
| | § | |
| **vs.** | § | **C.A. No.** _1:19-cv-602_ |
| | § | |
| **ROUND ROCK INDEPENDENT** | § | |
| **SCHOOL DISTRICT** | § | |
|     **Defendant** | § | |
| | § | |

_____

### PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff "**JOHN RRISD-WA DOE**" to file his "Plaintiff's

Original Complaint" as follows:

### PREAMBLE

### _EXPERIENCED AND WONDERFUL MALE TEACHER_
### _THROW AWAY LIKE TRASH_

*Plaintiff John's singular goal in life is to enhance the education of students through the expression of John's passion and innovative teaching methods. Having spent his entire teaching career with Defendant RRISD (defined hereafter), Plaintiff John became the target of an "Inquisition Prosecution" by certain female colleagues which ultimately led to John's Termination (defined hereafter) from RRISD  simply because John (a male) was a teacher at an elementary school, leaving Plaintiff with de minimis public educational prospects. Defendant RRISD simply threw Plaintiff into the garbage. Left with no recourse, Plaintiff seeks redress of this Court for damages and equitable relief.*

## A.  <u>NATURE OF THE SUIT</u>

1.     Plaintiff John (defined hereafter) is a male. John had been an educator of the highest standard for years, until Defendant RRISD (defined hereafter) terminated John because of his being a male, elementary school teacher.

2.     Plaintiff John has attempted all formal and informal efforts to resolve the issues set forth herein, but was repeatedly blocked by Defendant RRISD. John has been left with no choice but to file this Complaint for damages and equitable relief.

3.     Plaintiff John now files this original action for damages and equitable relief pursuant to:

     (a)   42 U.S.C. §§2000d-2000d-7 *et seq* being Title VI of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991;

     (b)   29 U.S.C. §§201 *et seq.*, being the Fair Labor Standards Act;

     (c)   42 U.S.C. § 1983 with regards to:

          (i)    Defendant's violations of the laws of the United States;

          (ii)   Defendant's denial (under the color of law) of Plaintiff John's equal protection, procedural due process violations, and substantive due process rights granted by the Fourteenth Amendment to the U.S. Constitution;

(iii)   Defendant's denial (under the color of law) of Plaintiff John's freedom of expression and assembly rights granted by the First Amendment to the U.S. Constitution; and

(d)   Defendant's actions in violations of provisions of the Texas Constitution

## B.   PARTIES

4.   Plaintiff "**JOHN RRISD-WA DOE** ("John") is an individual residing in the State of Texas.  Because of the privacy issues involved in this matter and the continued, real, and ongoing threat of further retaliation by Defendant, John is hereby exercising John's rights to proceed with this matter anonymously.

5.   The need to protect the identity of Plaintiff John does not hinder the defense of this matter by Defendant, for the facts are well known to the Defendant. When applying the applicable tests (created by jurisprudence applicable to this Court) to balance the needed protection of privacy versus any inconvenience to the Defendant, the protection of John's privacy prevails.

6.   At such time as the Court might agree on procedures designed (a) to protect the privacy of Plaintiff John, and (b) to protect Plaintiff John from further retaliation, John's identity shall be disclosed.

7.   Defendant **ROUND ROCK  INDEPENDENT SCHOOL DISTRICT** ("RRISD") is a public school district operating in the State of Texas as a political

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.06.10

subdivision of the state of Texas. Defendant RRISD may be served with process herein by personal delivery to RRISD's Superintendent of Schools as follows:

**Round Rock  Independent School District**
**Attn: Steve Flores**
**1311 Round Rock Avenue**
**Round Rock, Texas  78681**

## C.  JURISDICTION and VENUE

8.     The original  jurisdiction of this Court is in accordance with 28 U. S. C. § 1331 as involving a *federal question* proceeding arising under:

(a)    42 U.S.C. §§2000d-2000d-7 *et seq* being Title VI of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991("Title VI");

(b)    29 U.S.C. §§201 *et seq.*, being the Fair Labor Standards Act (the "FLSA"); and

(c)    42 U.S.C. § 1983 ("Section 1983") with regards to:

(i)     Defendant's violations of the laws of the United States; and

(ii)    Defendant's denial (under the color of law) of Plaintiff John's equal protection, procedural due process violations, and substantive due process rights granted by the Fourteenth Amendment to the U.S. Constitution; and

(iii)   Defendant's denial (under the color of law) of Plaintiff John's freedom of expression and assembly rights granted by the First Amendment to the U.S. Constitution.

**PLAINTIFF'S ORIGINAL COMPLAINT**

tpg 2019.06.10

     (d)    Defendant's actions in violations of provisions of the Texas Constitution.

This Court may further exercise supplemental jurisdiction over plaintiffs' claims arising under Texas law pursuant to 28 U.S.C. § 1367.

9.    Venue is proper in the Western District of Texas (Austin Division) because Defendant RRISD operates its schools in, and from, Round Rock and Williamson County, Texas, which is also where the underlying events occurred. Round Rock and Williamson County are within the Western District of Texas.

## C. <u>FACTUAL ALLEGATIONS</u>

### *The Inquisition Prosecution and Termination of Plaintiff John.*

10.    Plaintiff John was employed by Defendant RRISD under a Term Contract tendered to John on April 24, 2017 ("Contract"), under which John was an elementary school teacher for the 2017-2018 school year. Specifically, John taught various third-grade classes at Bluebonnet Elementary School ("Bluebonnet ES") for Defendant RRISD, being the same school he had taught at for eight years.

11.    On April 6, 2018, for the first and any only time prior to the Board's Second Meeting (defined hereafter), Defendant RRISD confronted Plaintiff John, without any warning, of certain unsubstantiated and False Allegations (defined hereafter) related to John's teaching methods and execution of school policies.

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.06.10

12.     The "Inquisition Prosecution" to remove John from Defendant RRISD had begun.

13.     On April 9, 2018, Defendant RRISD placed Plaintiff John on paid administrative leave, stemming from the False Allegations having been raised just a few days previously.

14.     On May 4, 2018, Defendant RRISD gave Plaintiff John notice that the Board of Trustees ("Board") for Defendant RRISD had voted to propose the non-renewal of John's Contract for the upcoming 2018-2019 school year ("Proposed Non-Renewal").

15.     The Proposed Non-Renewal was based on the trumped up allegations against Plaintiff John relating to John's teaching methods ("False Allegations").

16.     On May 7, 2018, Plaintiff John exercised his rights and filed an appeal/objection of the Proposed Non-Renewal.

17.     On August 6, 2018, the Board began, in a private session, the hearing to determine whether Plaintiff John's Contract should be Non-Renewed (hereafter, "Board's First Meeting").

18.     The Board's First Meeting began at approximately 5:30 p.m. No time limits had been imposed for the presentations by Defendant RRISD or by Plaintiff John.

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.06.10

19.     Over eight hours later, at 1:57 a.m. August 7, 2018, the Board recessed the Board's First Meeting.

20.     With the exception of testimony from a few of Plaintiff John's Witnesses (defined hereafter), the entirety of the Board's First Meeting was consumed with the presentation by Defendant RRISD, which was nothing but repetitive hearsay offered by witnesses with no actual knowledge of the False Allegations.

21.     .Plaintiff John had identified twenty-four witness that would be testifying during the Board's First Meeting.

22.     When the Board recessed, the witnesses for Plaintiff John, all of whom had been waiting for over eight hours to testify, were simply told to go home.

23.     On October 16, 2018, the Board reconvened the hearing to determine the Proposed Non-Renewal of Plaintiff John's Contract ("Board's Second Meeting"). For the purposes hereof, the Board's First Meeting and the Board's Second Meeting may be collectively referred to as the "Board's Hearings."

24.     The Board's Second Meeting began where the Board's First Meeting had ended, with the calling of yet additional witnesses by the Defendant RRISD, offering repetitive witnesses with no actual knowledge of any of the False Allegations.

25.     During the Board's Second Meeting, Plaintiff John was finally able to offer various witnesses (colleagues, students that Plaintiff John had taught,

**PLAINTIFF'S ORIGINAL COMPLAINT**

7

tpg 2019.06.10

and parents of students that John had actually taught), all of whom had actual knowledge of John's challenged teaching methods, and all of whom wholeheartedly and without reservation pleaded with the Board to continue John's teaching career with Defendant RRISD.

26.   Further, for the first time since the Inquisition Prosecution began on April 6, 2018,

Plaintiff John was allowed an opportunity to defend himself against the False Allegations.

27.   The Board took testimony from the following employees of Defendant RRISD:

      (a)   Annette Vierra, Defendant RRISD's Executive for Human Resources;

      (b)   Carla Amacher, Defendant RRISD's Area Superintendent for Round Rock Learning Community;

      (c)   Tracy Rieger, Defendant RRISD's principal at Bluebonnet ES;

      (d)   Alma Barrera, a Defendant RRISD counselor at Bluebonnet ES;

      (e)   Samuel Soto, Defendant RRISD's principal at Bluebonnet ES;

      (f)   Lindsey McPheeters, a Defendant RRISD staff attorney; and

8

**PLAINTIFF'S ORIGINAL COMPLAINT**

      (g)     Daniel Presley, Defendant RRISD's Senior Chief of Schools & Innovation.

Hereafter, the foregoing witness may be collectively referred to as the "RRISD Witnesses."

28.    The Board took testimony from the following witnesses called by Plaintiff John:

      (a)     Former Student SBD ("FS SBD"), a former student of Plaintiff John at Bluebonnet ES;

      (b)     Parent One, mother to FS SBD;

      (c)     Parent Two, father to FS SBD;

      (d)     Former Student BS ("FSB") a former student of Plaintiff John at Bluebonnet ES and brother to Student F-GS;

      (e)     Parent Three, mother to FS BS and Student F-GS, Student F-GS (being a student of Plaintiff John during the 2017-2017 school year at Bluebonnet ES);

      (f)     Parent Four, mother to Student AM, being a former student of Plaintiff John at Bluebonnet ES during the 2016-2017 school year;

      (g)     Parent Five, mother to Student SE, being a student of Plaintiff John during the 2017-2017 school year at Bluebonnet ES;

      (h)     Tara Schnell, a Defendant RRISD Special Education Teacher, a member of the Special Education Team

working with Plaintiff John at Bluebonnet ES;

(i)     Courtney Allen, a Defendant RRISD teacher, working with Plaintiff John in the 2016-2017 school year as well as the 2017-2018 school year at Bluebonnet ES;

(j)     Jennifer Farber, a Defendant RRISD teacher, working with Plaintiff John for years including the 2017-2018 school year at Bluebonnet ES;

(k)     Mary Ellen Campbell, a Defendant RRISD Educator Assistant for the special education department of Bluebonnet ES, having been assigned as an aid to Plaintiff John; and

(l)     Plaintiff John, having been a teacher at Bluebonnet ES for eight years.

Hereafter, the foregoing witness may be collectively referred to as "Plaintiff John's Witnesses."

29.     At 1:06 a.m. that same night, the Board returned from executive session to vote on the Proposed Non-Renewal of Plaintiff John's Contract.

30.     One member of the Board member moved to retain Plaintiff John and have a growth plan put in place for John, but such motion died for lack of a second.

31.     A motion was then offered to non-renew Plaintiff John's Contract, and a *quick vote* was called for.

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.06.10

32.   However, before the *quick vote* could be taken, one member of the

Board presented the following informed and passionate rebuke of the action the

Board was about to take against Plaintiff John:

> *"I'd like to make a couple comments. First of all, I want*
> *to make a few comments about this whole process. This*
> *is the first time I've gone through this -- a non-renewal*
> *this far. We've had non-renewals come to us before.*
> *…*
> *I have a fundamental belief that a teacher has the right to*
> *run their classroom the way they want as long as it's*
> *within the bounds of the school district policies.*
> *…*
> *It bothers me that you [referring to Plaintiff John]*
> *weren't given a growth plan. You weren't put in a memo.*
> *You had a memo that was brought up five years ago, and*
> *you were immediately put on administrative leave. That*
> *bothers me. That bothers me from the Administration. So*
> *going forward, I hope that never happens again, that*
> *there's never a surprise for any employee to have -- There*
> *should never be a surprise of any kind. They should*
> *always know what's going on.*
> *…*
> *You've also [referring to Plaintiff John]-- You've*
> *committed a lot to your students, and I felt that. I think*
> *you have a lot of teachers and parents -- Whether you*
> *survive tonight in RRISD here, somewhere, I hope you*
> *don't give up on teaching. I think you have a strong*
> *passion for it, and I think you've reached and touched a*
> *lot of children.*
> *…*
> *I'd like for the Administration to look at its policy on how*
> *students are let -- be able to walk down the hall without*
> *supervision, how they're being allowed to go back and*
> *forth. And I'm looking at you, Dr. Flores, because you're*
> *one of my employees. You're my only employee. I'm not*

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.06.10

*going to address the Administration -- that we address that and that's never an issue before -- never an issue again like it has happened this time.*

*….*

*that neighborhood [referring to Bluebonnet ES], and we need people there to help those students as much as possible. It's one of our toughest, hardest, most challenging campuses that we have, and we need everybody there who is compassionate about students."*

33.    The Board then voted, and the Termination was made by a three for, one against, and one abstaining vote of the Board. The Inquisition Prosecution had succeeded in terminating Plaintiff John ("Termination").

34.    Because the Termination occurred within the following school year, Plaintiff John's Contract was actually renewed and ongoing for the start of the 2018-2019 school year.

35.    Plaintiff John reported to work for the 2018-2019 school year, was turned away by Defendant RRISD.  Further, Defendant RRISD never paid Plaintiff John for the 2018-2019 school year.

36.    Defendant RRISD's Termination of John is replete with violations of John's rights under the laws of the United States and the Texas Constitution, including but not being limited to the following:

VIOLATION NO. ONE:

The investigation conducted by Defendant RRISD into the False Allegations against Plaintiff John was rushed and irrevocably flawed.

**PLAINTIFF'S ORIGINAL COMPLAINT**

tpg 2019.06.10

### VIOLATION NO. TWO:

The rushed investigation by Defendant RRISD into the False Allegations was replete with the improper interrogations of third-grade students, the improper creation of "statements" after said improper interrogations, and the subsequent reliance upon third-grade students' statements.

### VIOLATION NO. THREE:

The foregoing referenced flawed investigation improperly prejudiced and tainted the entirety of the Proposed Non-Renewal process undertaken by Defendant RRISD as to Plaintiff John, resulting in an unlawful Termination.

### VIOLATION NO. FOUR:

The timing of the Non-Renewal Hearing conducted by Defendant RRISD was unduly prejudicial to Plaintiff John, resulting in an unlawful Termination.

### VIOLATION NO. FIVE:

Numerous proper evidentiary objections made by counsel for Plaintiff John were improperly over-ruled and ignored, which unduly prejudiced Plaintiff John, resulting in an unlawful Termination.

### VIOLATION NO. SIX:

The Termination as to Plaintiff John's Contract was centered around the false and unsubstantiated allegations of a Third-grade student who had a known history of lying and manipulation, resulting in an unlawful Termination.

### VIOLATION NO. SEVEN:

The Termination as to Plaintiff John's Contract was based on witness testimony of legal counsel for Defendant RRISD who offered improper and unsubstantiated evidence as to the credibility of Plaintiff John, resulting in an unlawful Termination.

**PLAINTIFF'S ORIGINAL COMPLAINT**

tpg 2019.06.10

## VIOLATION NO. EIGHT:

The Termination as to Plaintiff John's Contract was based entirely on third-party hearsay (as offered by Defendant RRISD) without any witness testimony from persons with actual knowledge of the False Allegations, resulting in an unlawful Termination.

## VIOLATION NO. NINE:

 The Termination as to Plaintiff John's Contract ignored all of the testimony (offered by Plaintiff John) of persons with actual knowledge of the False Allegations, resulting in an unlawful Termination.

## VIOLATION NO. TEN:

The Termination as to Plaintiff John's Contract was an arbitrary and capricious decision, resulting in an unlawful Termination.

## VIOLATION NO. ELEVEN:

The Termination as to Plaintiff John's Contract was a punishment by Defendant RRISD issued because of Plaintiff John's "development of creative and innovative techniques in instruction and administration using those techniques as appropriate to improve student learning, resulting in an unlawful Termination.

## VIOLATION NO. TWELVE:

The Termination as to Plaintiff John's Contract was flawed because Plaintiff's evaluations were not properly considered, resulting in an unlawful Termination.

## VIOLATION NO. THIRTEEN:

The Termination as to Plaintiff John 's 2017-2018 Contract was too late to be effective as a non-renewal, and Defendant RRISD should have pursued a termination of Plaintiff John's Contract for the 2018-2019 school year rather than a non-renewal of Plaintiff John's 2017-2018 Contract, resulting in an unlawful Termination.

14

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.06.10

### VIOLATION NO. FOURTEEN:

The Termination as to Plaintiff John's Contract was an act of discrimination based on the male gender of John.

### VIOLATION NO. FIFTEEN

Plaintiff John was never paid his Contract compensation for the 2018-2019 school year.

37.    Facts supporting **VIOLATION NO. ONE**: The investigation conducted by Defendant RRISD into the False Allegations against Plaintiff John was rushed and irrevocably flawed, include but are not limited to the following:

(a)    On April 6, 2018, Plaintiff John was given written notice of certain concerns, the Inquisition Prosecution has begun;

(b)    On April 9, 2018, Plaintiff John was placed on administrative leave;

(c)    Plaintiff John was given only three hours' notice prior to being interrogated by counsel for Defendant RRISD;

(d)    Plaintiff John had no opportunity to speak with his legal counsel prior to being interrogated by counsel for Defendant RRISD;

(e)    After being interrogated by counsel for Defendant RRISD, no one from Defendant RRISD ever again interviewed or discussed the False Allegations with Plaintiff John until his testimony at the Second Board Meeting;

**PLAINTIFF'S ORIGINAL COMPLAINT**

tpg 2019.06.10

(f)     On May 3, 2018, the Board considered the Defendant RRISD's recommendation to non-renew Plaintiff John and voted to proceed with the Proposed Non-Renewal;

(g)     Because the May 3, 2018 Board decision to proceed with the Notice of Proposed Non-Renewal was a decision based on a recommendation from Defendant RRISD, it is reasonable to assume that such recommendation had been prepared at least several days prior to the May 3, 2018 Board decision;

(h)     Based on the foregoing time lime of events, it is reasonable to state that the "Investigation" into Plaintiff John was no longer than three weeks in length;

(i)     Although all of the students of Plaintiff John's class were interviewed, only the RRISD Derived Student Statements (defined below) were relied upon for the Investigation, with all of the other student statements being ignored;

(j)     None of the RRISD Derived Student Statements were discussed or even reviewed with the parents of the respective students during the three week Investigation;

(k)     None of Plaintiff John's Witnesses were interviewed by Defendant RRISD during the three week Investigation;

(l)     Key to Defendant RRISD's Investigation was a written hearsay statement of Alexus Martinez, a student teacher who had spent a total of five (5) days in the classroom of Plaintiff John:

**PLAINTIFF'S ORIGINAL COMPLAINT**

tpg 2019.06.10

(m)   Key to Defendant RRISD's Investigation was a written hearsay statement of Penny Oates, an Assistant Principal at Bluebonnet ES wherein Ms. Oates acknowledged that she "was not privy to the current concerns" related to Plaintiff John;

(n)   Key to Defendant RRISD's Investigation was a written hearsay statement of Sonia Taylor;

(o)   Key to Defendant RRISD's Investigation was a written but unsigned hearsay statement of Madison Kennedy;

(p)   Key to Defendant RRISD's Investigation was a written hearsay statement of Amanda Keith;

(q)   Key to Defendant RRISD's Investigation was a written but hearsay statement of Ms. Reiger;

(r)   Key to Defendant RRISD's Investigation was a written but hearsay statement of Ms. Barrera;

*Hereafter, the foregoing hearsay statements of Ms. Martinez, Ms. Oates, Ms. Taylor, Ms. Kennedy, Mr. Keith, Ms. Reiger, and Ms. Barrera shall be collectively referred to as the "RRISD Hearsay Employee Statements."*

(s)   Key to Defendant RRISD's Investigation was an interrogation of Plaintiff John conducted by Sandra Carpenter, an attorney employed by Defendant RRISD; and

(t)   Key to Defendant RRISD's Investigation was an interrogation of Plaintiff John conducted by Ms. McPheeters, an attorney employed by Defendant RRISD; and

17

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.06.10

> *Hereafter, the foregoing interrogations of Plaintiff John conducted by Ms. Carpenter and Ms. McPheeters shall be collectively referred to as the "RRISD Lawyer Interrogations."*

(u)     Prior to, or even during, the limited discussions with Plaintiff John during the RRISD Investigation, Plaintiff John was never given the opportunity to review any of the RRISD Derived Student Statements or the RRISD Hearsay Employee Statements.

38.     Facts supporting **VIOLATION NO. TWO**: The rushed investigation by Defendant RRISD into the False Allegations was replete with the improper interrogations of third-grade students, the improper creation of "statements" after said improper interrogations, and the subsequent reliance upon third-grade students' statements, include but are not limited to the following:

(a)     Defendant RRISD's transcribed statement and notes from interview with Student A-KG;

(b)     Defendant RRISD's transcribed statement and notes from interview of Student B-GM;

(c)     Defendant RRISD's transcribed statement and notes from interview of Student C-RV;

(d)     Defendant RRISD's transcribed statement and notes from interview of Student D-DS;

(e)     Defendant RRISD's transcribed statement and notes from interview of Student E-TN;

18

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.06.10

(f)     Defendant RRISD's transcribed statement and notes from interview of Student F-GS;

(g)     Defendant RRISD's transcribed statement and notes from interview of Student G-LR;

*Hereafter, the foregoing student statements shall be collectively referred to as the "RRISD Derived Student Statements."*

(h)     The RRISD Derived Student Statements each contain administration created subjective interpretation of the actual written statements provided by the respective students;

(i)     No parent was presented during the interviews of the foregoing students, which resulted in the creation of the RRISD Derived Student Statements; and

(j)     All of the RRISD Derived Statements were the worst form of blatant hearsay.

39.     Facts supporting **VIOLATION NO. THREE**: The foregoing referenced flawed investigation improperly prejudiced and tainted the entirety of the Proposed Non-Renewal process undertaken by Defendant RRISD as to Plaintiff John, resulting in an unlawful Termination, include but are not limited to the following:

(a)     Defendant RRISD's Investigation consisted entirely of the RRISD Derived Student Statements, the RRISD Hearsay Employee Statements, and the RRISD Lawyer Interrogations;

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.06.10

(b)     The May 3, 2018 Board decision to proceed with the Proposed Non-Renewal of Plaintiff John was based entirely on Defendant RRISD's Investigation, which consisted solely of the RRISD's Derived Student Statements, the RRISD Hearsay Employee Statements, and the RRISD Lawyer Interrogations;

(c)     During the Board's First and Second Hearing as to the Proposed Non-Renewal, heavy emphasis was placed upon the RRISD's Investigation, including the RRISD's Derived Student Statements, the RRISD Hearsay Employee Statements, and the RRISD Lawyer Interrogations; and

(d)     The testimony of the employees of Defendant RRISD who testified as RRISD Witnesses was based solely on RRISD's Investigation including the RRISD's Derived Student Statements, the RRISD Hearsay Employee Statements, and the RRISD Lawyer Interrogations.

40.     Facts supporting **VIOLATION NO. FOUR**: The timing of the Non-Renewal Hearing conducted by Defendant RRISD was unduly prejudicial to Plaintiff John, resulting in an unlawful Termination, include but are not limited to the following:

(a)     The recess of the First Board Meeting prevented as many as two dozen witnesses ready to testify on behalf of Plaintiff John, even after such witnesses had waited over eight hours expecting to testify; and

(b)     Because the First Board Meeting was recessed and not reconvened until October 16, 2018, Board members Mason Moses and Steve Math were not present during the Second Board meeting, depriving

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.06.10

Plaintiff John a consistent panel of Board members acting as the trier of fact.

41.     Facts supporting **VIOLATION NO. FIVE**: Numerous proper evidentiary objections made by counsel for Plaintiff John were improperly over-ruled and ignored, which unduly prejudiced Plaintiff John, resulting in an unlawful Termination, include but are not limited to the following:

(a)     Objection to testimony of Ms. Vierra as being inadmissible hearsay;

(b)     Objection to introduction of the Defendant RRISD's policies for years *prior* to the 2017-2018 school year because the False Allegations supporting the Proposed Non-Renewal occurred during the 2017-2018 school year;

(c)     Objection to the speaking objections of counsel for Defendant RRISD, when such counsel repeatedly was essentially testifying to the Board;

(d)     Objection to the RRISD Witnesses speculating as to future events;

(e)     Objection to Ms. Barrera's tender of her opinion as to what might be unethical behavior of Plaintiff John, since no foundation had been laid that Ms. Barrera was an expert of the respective ethics involved, therefore, any answer would be speculation;

(f)     Objection to the repetitive testimony offered by the RRISD's Witnesses during the First Board Hearing, which unnecessarily consumed precious time and

**PLAINTIFF'S ORIGINAL COMPLAINT**

resulted in the recess without perhaps two dozen witnesses for Plaintiff John being unable to testify;

(g)     Objection to the entirety of Ms. McPheeters' testimony;

(h)     Objection to Ms. McPheeters' testimony as to the credibility of Plaintiff John;

(i)     Objection to Ms. McPheeters' testimony as to matters purportedly occurring during the 2016-2017 school year since the Proposed Non-Renewal was based on the False Allegations during the 2017-2018 school year; and

(j)     Objection to any testimony as to a purported "split" within the views of the educators within Bluebonnet ES, as any such split was entirely created by the actions of Defendant RRISD after the placement of Plaintiff John on administrative leave.

42.     Facts supporting **VIOLATION NO. SIX**: The Termination as to Plaintiff John's Contract was centered around the false and unsubstantiated allegations of a Third-grade student who had a known history of lying and manipulation, resulting in an unlawful Termination, include but are not limited to the following:

(a)     Key to RRISD's Investigation and the center of much hearsay testimony during the Board hearings was the written statement of Student G-LR (being one of the RRISD Derived Student Statements), a student of Plaintiff John during the 2017-2018 school year;

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.06.10

(b)     The undisputed testimony offered at the Board Hearings was that Student G-LR was a special education student who has a well-known history of lying and manipulation;

(c)     Student G-LR was not called by Defendant RRISD to testify, rather Defendant RRISD elected to rely solely on her hearsay statement (being one of the RRISD Derived Student Statements);

(d)     The parents of Student G-LR were not called by Defendant RRISD to testify, rather Defendant RRISD elected to rely solely on her hearsay statement (being one of the RRISD Desired Student Statements);

(e)     The only witnesses offering personal knowledge testimony of Student G-LR were Ms. Schnell and Plaintiff John; and

(f)     The personal knowledge testimony offered by Ms. Schnell and Plaintiff John as to Student G-LR contradicted in total the prejudicial nature of the statement given by Student G-LR.

43.     Facts supporting **VIOLATION NO. SEVEN:** The Termination as to Plaintiff John's Contract was based on witness testimony of legal counsel for Defendant RRISD who offered improper and unsubstantiated evidence as to the credibility of Plaintiff John, resulting in an unlawful Termination, include but are not limited to the following:

(a)     As previously referenced, Ms. McPheeters (a lawyer employed by Defendant RRISD) testified during the

Second Board Hearing, over the objection of counsel for Plaintiff John;

(b)   During the testimony of Ms. McPheeters, Ms. McPheeters offered (a) negative opinion as to the veracity and credibility of Plaintiff John, and (b) a positive opinion as to the RRISD Investigation;

(c)   McPheeters' improper testimony as to Plaintiff John was highly prejudicial to Plaintiff John and should not have been admitted;

(d)   Ms. McPheeters' improper testimony as to the propriety of the RRISD Investigation and conclusions drawn therefrom was highly prejudicial to Plaintiff John and should not have been admitted;

(e)   During the cross-examination of Plaintiff John, Ms. Carpenter (as counsel for Defendant RRISD) challenged the veracity and credibility of Plaintiff John based on an interrogation conducted by Ms. Carpenter herself; and

(f)   The cross-examination of Plaintiff John by Ms. Carpenter (as counsel for Defendant RRISD) which challenged the veracity and credibility of Plaintiff John based on an interrogation conducted by Ms. Carpenter herself was improper and highly prejudicial to Plaintiff John.

44.   Facts supporting **VIOLATION NO. EIGHT**: The Termination as to Plaintiff John's Contract was based entirely on third-party hearsay (as offered by Defendant RRISD) without any witness testimony from persons with actual knowledge of the False Allegations, resulting in an unlawful

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.06.10

Termination, include but are not limited to the following:

(a)     The entirety of the RRISD Investigation was improper hearsay and cannot support the Termination;

(b)     All of the RRISD Derived Student Statements were improper hearsay and cannot support the Termination;

(c)     All of the RRISD Hearsay Employee Statements were improper hearsay and cannot support the Termination;

(d)     The RRISD Lawyer Interrogations were based solely on the improper RRISD Investigation and cannot support the Termination;

(e)     None of the RRISD Witnesses had any actual knowledge of any of the False Allegations, and such testimony cannot support the Termination, including the testimony of:

      aa)     Annette Vierra, Defendant RRISD's Executive for Human Resources;

      bb)     Olivia Bell, mother to Student A-KG, a then current student of Plaintiff John;

      cc)     Carla Amacher, Defendant RRISD's Area Superintendent for Round Rock Learning Community;

      dd)     Tracy Rieger, Defendant RRISD's principal at Bluebonnet ES;

      ee)     Alma Barrera, a Defendant RRISD counselor at Bluebonnet ES;

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.06.10

ff)    Samuel Soto, Defendant RRISD's principal at Bluebonnet ES*;*

gg)    Lindsey McPheeters, a Defendant RRISD staff attorney; and

hh)    Daniel Presley, Defendant RRISD's Senior Chief of Schools & Innovation;

(f)    Defendant RRISD failed to call as witnesses the only persons with purported actual knowledge of the False Allegations, which would have included Ms. Martinez, Ms. Oates, and Ms. Keith.

45.    Facts supporting **VIOLATION NO. NINE:** The Termination as to Plaintiff John's Contract ignored all of the testimony (offered by Plaintiff John) of persons with actual knowledge of the False Allegations, resulting in an unlawful Termination, include but are not limited to the following:

(a)    All of the testimony of Plaintiff John's Witnesses was based on actual, personal knowledge which contradicted in total the False Allegations, including the testimony of:

aa)    FS SBD, a former student of Plaintiff John at Bluebonnet ES;

bb)    Parent One, mother to FS SBD;

cc)    Parent Two, father to FS SBD;

dd)    FS BS, a former student of Plaintiff John at Bluebonnet ES and brother to Student F-GS;

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.06.10

ee)    Parent Three, mother to FS BS and Student F-GS, Student F-GS (being a student of Plaintiff John during the 2017-2017 school year at Bluebonnet ES);

ff)    Parent Four, mother to Student AM, being a former student of Plaintiff John at Bluebonnet ES during the 2016-2017 school year;

gg)    , mother to Student SE, being a student of Plaintiff John during the 2017-2017 school year at Bluebonnet ES;

hh)    Tara Schnell, a Defendant RRISD Special Education Teacher, a member of the Special Education Team working with Plaintiff John at Bluebonnet ES;

ii)    Courtney Allen, a Defendant RRISD teacher, working with Plaintiff John in the 2016-2017 school year as well as the 2017-208 school year at Bluebonnet ES;

jj)    Jennifer Farber, a Defendant RRISD teacher, working with Plaintiff John for years including the 2017-2018 school year at Bluebonnet ES;

kk)    Mary Ellen Campbell, a Defendant RRISD Educator Assistant for the special education department of Bluebonnet ES, having been assigned as an aid to Plaintiff John; and

ll)    John Wolber, the Plaintiff.

46.    Facts supporting **VIOLATION NO. TEN**: The Termination as to Plaintiff John's Contract was an arbitrary and capricious decision, resulting

**PLAINTIFF'S ORIGINAL COMPLAINT**

tpg 2019.06.10

in an unlawful Termination, include but are not limited to the following:

    (a)    By offering only the unreliable and hearsay evidence and testimony of the RRISD Derived Student Statements, the RRISD Employee Statements, and the RRISD Witnesses, Defendant RRISD offered no credible, reliable, or uncontroverted evidence in support of the False Allegations; and

    (b)    The testimony of Plaintiff John's Witnesses, based on actual and personal knowledge of the underlying issues, controverted the False Allegations;

47.    Facts supporting **VIOLATION NO. Eleven**: The Termination as to Plaintiff John's Contract was a punishment by Defendant RRISD issued because of Plaintiff John's "development of creative and innovative techniques in instruction and administration using those techniques as appropriate to improve student learning," resulting in an unlawful Termination, include but are not limited to the following:

    (a)    All of the testimony of Plaintiff John's Witnesses (based on actual, personal knowledge which contradicted in total the False Allegations) described creative and innovative techniques used to improve the learning of Plaintiff John's witnesses;

    (b)    Various of the Defendant RRISD Witnesses questioned or disapproved of Plaintiff John's teaching methods (notwithstanding that Plaintiff John had utilized such methods for years at Bluebonnet ES prior to the 2017-2018 school year); and

(c)   In attempting to reconcile the disparity between the two forgoing views of Plaintiff John, the Board Termination can only be deemed to be a punishment of Plaintiff John for utilization of his innovative teaching methods.

48.   Facts supporting **VIOLATION NO. TWELVE**: The Termination as to Plaintiff John's Contract was flawed because Plaintiff's evaluations were not properly considered, resulting in an unlawful Termination, include but are not limited to the following:

(a)   Defendant RRISD failed to tender even one of the Defendant RRISD annual evaluations of Plaintiff John; but

(b)   Plaintiff John offered numerous of his Defendant RRISD annual evaluations, which consistently showed a strong proficiency and continuing improvement.

49.   Facts supporting **VIOLATION NO. THIRTEEN**: The Termination as to Plaintiff John 's 2017-2018 Contract was too late to be effective as a non-renewal, and Defendant RRISD should have pursued a termination of Plaintiff John's Contract for the 2018-2019 school year rather than a non- renewal of Plaintiff John's 2017-2018 Contract, resulting in an unlawful Termination, include but are not limited to the following:

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.06.10

(a)    Plaintiff John's Contract with Defendant RRISD was a term contract for the 2017-2018 school year;

(b)    The Termination was not made until October 16, 2018;

(c)    With the Termination occurring during the 2018-2019 school year; Plaintiff John's Contract had been automatically renewed into the 2018-2019 school year; and

(d)    The Termination was not relevant to Plaintiff John's Contract as extended into the 2018-2019 school year.

50.    Facts supporting **VIOLATION NO. FOURTEEN**: The Termination as to Plaintiff John's Contract was an act of discrimination based on the male gender of John, include but are not limited to the following

(a)    Plaintiff John is a male, who was a teacher at Bluebonnet ES;

(b)    The key allegations that started the Inquisition Prosecution as to Plaintiff John were brought by Ms. Martinez, a female;

(c)    Additional statements fueling the fire of the Inquisition Prosecution as to Plaintiff John included statements by Ms. Taylor, Ms. Kennedy, Ms. Reiger, and Ms. Barrera;

(d)    The RRISD Investigation was supervised and coordinated by Ms. Vierra, Ms. Amacher, Ms. Rieger, and Ms. Barrera;

**PLAINTIFF'S ORIGINAL COMPLAINT**

tpg 2019.06.10

(e)     Male teachers within the elementary schools of Defendant RRISD are few and far between;

(f)     Male teachers within the elementary schools of Defendant RRISD are improperly harassed, reprimanded, and sanctioned at a far higher level than the female elementary teachers;

(g)     The RRISD Lawyer Interrogations were conducted by women only;

(h)     Although Plaintiff John's Termination was supported by Samuel Soto, a male, such support was merely an effort to "keep the peace" within the female educators at Bluebonnet ES;

(i)     Although Plaintiff John's Termination was supported by a male superintendent (Steve Flores), Superintendent Flores, such support was merely an effort to "keep the peace" within the female educators at Bluebonnet ES;

(j)     Although Plaintiff John's Termination by the Board did include certain male members of Board, such support was merely an effort to "keep the peace" within the female educators at Bluebonnet ES and within Defendant RRISD as a whole.

51.    Facts supporting **VIOLATION NO. FIFTEEN**: Plaintiff John was never paid his Contract compensation for the 2018-2019 school year, include but are not limited to the following:

(a)     Plaintiff John's Contract with Defendant RRISD was a term contract for the 2017-2018 school year;

**PLAINTIFF'S ORIGINAL COMPLAINT**

(b)     The Termination was not made until October 16, 2018;

(c)     With the Termination occurring during the 2018-2019 school year; Plaintiff John's Contract had been automatically renewed into the 2018-2019 school year;

(d)     The Termination was not relevant to Plaintiff John's Contract as extended into the 2018-2019 school year;

(e)     Plaintiff John reported to work at the beginning of the 2018-2019 school year, but was barred from resuming John's teaching duties; and

(f)     Plaintiff John never received any compensation for John's Contract which had automatically renewed into the 2018-2019 school year.

52.     For the purposes of this matter, Defendant RRISD's acts and omissions comprising the forgoing referenced Violations One through and including Fifteen shall be collectively referred to hereafter as the "Civil Rights Violations."

### Harm Suffered by Plaintiff John.

53.     Plaintiff John has suffered severe physical, emotional, and economic harm (including without limitation insufficient pay and lost pay) as a result of the Civil Rights Violations committed by Defendant RRISD, and John shall suffer future physical, emotional, and economic harm.

54.     The Civil Rights Violations committed by Defendant RRISD as to Plaintiff John were intentional and in bad faith, made with full knowledge that the

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.06.10

damage to Plaintiff John would follow John for the rest of his life, constituting conscious indifference by Defendant RRISD.

55.     Plaintiff John has identified herein certain of the individuals participating in Defendant RRISD's Civil Rights Violations of Plaintiff John. Discovery should enable John to identify more particularly which of these individuals were involved in such acts as well as other individuals involved in the Civil Rights Violations committed as to Plaintiff John.

56.     Texas law deems Plaintiff John's Contract to create a property interest that John holds.

### *Defendant's Action Under the Color of State Law.*

57.     The following individuals, who at all material times were employees, agents, and representatives of Defendant RRISD, committed, assisted in the commission of, and/or knew about and failed to correct the Civil Rights Violations of Plaintiff John:[1]

(a)     Steve Flores, Superintendent of Defendant RRISD;

(b)     Annette Vierra, Defendant RRISD's Executive for Human Resources;

(c)     Carla Amacher, Defendant RRISD's Area Superintendent for Round Rock Learning Community;

---

[1] The job descriptions for these individuals were those during the material times of the events made the basis of this lawsuit, and may or may not be their current positions with Defendant RRISD.

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.06.10

(d)     Tracy Rieger, Defendant RRISD's principal at Bluebonnet ES;

(e)     Alma Barrera, a Defendant RRISD counselor at Bluebonnet ES;

(f)     Samuel Soto, Defendant RRISD's principal at Bluebonnet ES;

(g)     Daniel Presley, Defendant RRISD's Senior Chief of Schools & Innovation.

(h)     Lindsey McPheeters, a Defendant RRISD staff attorney; and

(i)     Sandra Carpenter, an attorney employed by Defendant RRISD; and

58.     The referenced administrators and employees, participating in Defendant RRISD's Civil Rights Violations as to Plaintiff John, are the applicable persons delegated with implementing and were implementing the policies and customs of Defendant RRISD when committing the Civil Rights Violations of Plaintiff John.

59.     Further, if such policies are not, in fact written, each of the administrators participating in Defendant RRISD's Civil Rights Violations as to Plaintiff John were implementing the policies and customs of Defendant RRISD in accord with the customs and practices of Defendant RRISD.

**PLAINTIFF'S ORIGINAL COMPLAINT**

tpg 2019.06.10

60.   Finally, the Board (as the formal policy maker of Defendant RRISD) by voting for Plaintiff John's Termination approved Defendant RRISD's Civil Rights Violations as to John.

61.   Defendant RRISD's Civil Rights Violations against Plaintiff John represent actions of complete and deliberate indifference to John.

### *Administrative Remedies.*

62.   There are no administrative remedy preconditions ("Preconditions") required prior to seeking relief under the laws being invoked herein by Plaintiff John. Even if such Preconditions did exist, the actions of Defendant RRISD have shown that such efforts would be futile.

63.   As a result of Defendant RRISD's Civil Rights Violations targeted at Plaintiff John, Plaintiff John was forced to engage an attorney and pursue this action to redress such wrongs.

64.   All conditions precedent to Plaintiff John bringing these claims have been met.

### E.   PLAINTIFF'S CAUSES OF ACTION

65.   Plaintiff John incorporates by reference the facts set forth in Article D: FACTUAL ALLEGATIONS hereof.

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.06.10

## COUNT ONE: VIOLATION OF TITLE VI

66.    Defendant RRISD is an entity receiving grants and funds from the United States government. Therefore, the provisions of Title VI also govern RRISD.

67.    Defendant RRISD's Civil Rights Violations committed against Plaintiff John, *supra*, are also violations of Title VI because Title VI governs RRISD.

68.    Without limitation and in addition to the foregoing, Defendant RRISD denied Plaintiff John's right to procedural and substantive due process, and equal protection under the law, in violation of the Fourteenth Amendment to the United States Constitution.

69.    Without limitation and in addition to the foregoing, Defendant RRISD's Civil Rights Violations denied Plaintiff John's right to freedom of expression, to assemble peaceably, and to petition for a redress of grievances, in violation of the First Amendment to the United States Constitution.

70.    Defendant RRISD's denial of Plaintiff John's statutory and constitutional rights violate Title VI.

71.    Plaintiff John has suffered actual and compensatory damages as a direct and proximate result of RRISD's violations of Title VI, for which John now sues.

## COUNT TWO: VIOLATION OF THE FLSA

72.    As a public school district locally operating as a political subdivision in

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.06.10

the State of Texas that receives grants and other funding from the United States, Defendant RRISD falls under the jurisdiction and requirements of the FLSA.

73.     As mandated by the FLSA, Defendant RRISD is required to pay Plaintiff John wages due John under John's Contract with Defendant.

74.     Defendant RRISD's Civil Rights Violations with respect of John's failure to be paid wages due under John's Contract are violations of the FLSA.

75.     Defendant RRISD's Civil Rights Violations against Plaintiff John in violation of the FLSA have caused Plaintiff John to suffer a loss of benefits and created economic losses, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff John now sues in accord with the FLSA.

76.     Defendant RRISD's Civil Rights Violations against Plaintiff John in violation of the FLSA have caused Plaintiff John to suffer mental and emotional distress and damages, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff John now sues in accord with the FLSA.

## <u>COUNT THREE: SECTION 1983 VIOLATIONS</u>

77.     As a public school district locally operating as a political subdivision in the State of Texas that receives grants and other funding from the United States, Defendant RRISD falls under the jurisdiction and requirements of the Section 1983.

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.06.10

78.    Section 1983 of Title 42 of the United States Code provides, in part,:

> "Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, and citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the part injured in an action at law, suit in equity, or other proper proceeding for redress…"

79.    Defendant RRISD's Civil Rights Violations were committed against Plaintiff John under the color of law and resulted in the violation of Plaintiff John's rights under the United States Constitution and other federal laws.

80.    Specifically, Defendant RRISD's Civil Rights Violations were committed under the color of law and resulted in the violation of Plaintiff John's rights under:

(a)    Title VI;

(c)    the FLSA;

(d)    the procedural due process requirements of the United States Constitution as set forth in the Fourteenth Amendment, in violation of John's Property Rights;

(f)    the substantive due process requirements of the United States Constitution set forth in the Fourteenth Amendment in violation of John's Property Rights;

(g)    the equal protection requirements of the United States Constitution set forth in the Fourteenth Amendment in violation of John's Property Rights; and

(h)    John's freedom of speech rights guaranteed by the First Amendment to the United States Constitution.

81.    Defendant RRISD's  Civil Rights Violations of Plaintiff John  in violation of Section 1983 have caused Plaintiff John to suffer a loss of benefits and created economic losses, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff John now sues in accord with Section 1983.

82.    Defendant RRISD's  Civil Rights Violations against Plaintiff John  in violation of Section 1983 have caused Plaintiff John to suffer mental and emotional distress and damages, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff John now sues in accord with Section 1983.

83.    Plaintiff John also seeks equitable relief to which Plaintiff John is entitled by Section 1983, including but not being limited to:

(a)    immediate reinstatement of John to his teaching duties with Defendant RRISD;

(b)    expungement from the files of Defendant RRISD of all materials related to the Termination and all other materials reflecting negatively on Plaintiff John.

## COUNT FOUR: VIOLATIONS OF THE TEXAS CONSTITUTION

84.    As a public school district locally operating as a political subdivision in the State of Texas, Defendant RRISD's actions are also subject to scrutiny of protections created by the Texas Constitution.

85.    Defendant RRISD's Civil Rights Violations against Plaintiff John were committed under the color of law and resulted in the violation of Plaintiff John's' rights under the Constitution of the State of Texas.

86.    Specifically, Defendant RRISD's Civil Rights Violations committed towards John were committed under the color of law and resulted in the violation of Plaintiff John's rights under:

  (a)    the procedural due process requirements of the Texas Constitution found in Article 1, Section 19;

  (b)    the substantive due process requirements of the Texas Constitution found in Article 1, Section 19;

  (c)    the equal protection requirements of the Texas Constitution found in Article I, Section 3; and

  (d)    the freedom of speech requirements of the Texas Constitution found in Article I, Section 8.

Hereafter, the foregoing shall be collectively referred to as "Violations of the Texas Constitution."

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.06.10

87.     Defendant RRISD's Violations of the Texas Constitution as to Plaintiff John have caused Plaintiff John to suffer a loss of benefits and created economic losses.

88.     Defendant RRISD's Violations of the Texas Constitution as to Plaintiff John have caused Plaintiff John to suffer mental and emotional distress and damages.

89.     Although Plaintiff John, as a private party living in the State of Texas, has no standing to seek monetary damages for the Defendant RRISD's Violations of the Texas Constitution as to Plaintiff John, Plaintiff John does seek the equitable relief to which Plaintiff John is entitled by Texas jurisprudence, including but not being limited to:

(a)     immediate reinstatement of John to his teaching duties with Defendant RRISD;

(b)     expungement from the files of Defendant RRISD of all materials related to the Termination and all other materials reflecting negatively on Plaintiff John.

## **COUNT FIVE: PUNITIVE AND/OR LIQUIDATED DAMAGES**

90.     Various of the statutes that were violated as a result of Defendant RRISD's Civil Rights Violations as to Plaintiff John permit the recovery of exemplary and/or liquidated damages by Plaintiff John in an amount sufficient to punish RRISD for such misconduct and to deter similar misconduct in the future.

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.06.10

91.     Defendant RRISD's Civil Rights Violations against Plaintiff John in violation of the Title VI were intentional and willful, or at a minimum, were committed with a lack of regard for, or with reckless indifference to, Plaintiff John's federally protected rights, thereby entitling Plaintiff John to punitive damages pursuant to the Title VI, for which Plaintiff John now seeks in an amount of $1,000,000.00.

92.     Defendant RRISD's Civil Rights Violations against Plaintiff John in violation of the FLSA were intentional and willful, or at a minimum, were committed with a lack of regard for, or with reckless indifference to, Plaintiff John's federally protected rights, thereby entitling Plaintiff John to punitive damages pursuant to the FLSA, for which Plaintiff John now seeks in an amount of $ 1,000,000.00.

93.     Defendant RRISD's Civil Rights Violations against Plaintiff John in violation of Section 1983 were intentional and willful, or at a minimum, were committed with a lack of regard for, or with reckless indifference to, Plaintiff John's federally protected rights, thereby entitling Plaintiff John to punitive damages pursuant to Section 1983, for which Plaintiff John now seeks in an amount of $ 1,000,000.00.

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.06.10

## COUNT SIX: PRE AND POST JUDGMENT INTEREST

94.    Plaintiff John also requests pre and post judgment interest as may be allowed by applicable law.

## COUNT SEVEN: ATTORNEYS' FEES

95.    Plaintiff John should be awarded John's reasonable and necessary attorneys' fees incurred in relation to the foregoing as allowed by applicable law.

## F.    REQUEST FOR JURY

96.    Plaintiff John hereby requests that a jury be empaneled, and, that the foregoing causes of actions and requests for relief be presented to such jury for resolution.

## G.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff John prays that: summons be issued upon Defendant; upon final trial hereof, that judgment be entered in favor of Plaintiff John for the actual, consequential, and exemplary damages set forth herein including post judgment interest; that Plaintiff John be granted the equitable relief be granted; that Plaintiff John be reimbursed his reasonable and necessary attorneys' fees required to bring this matter; all costs of Court be taxed against Defendant; and that Plaintiff John have such further and other relief, general and special, both at law or in equity, to which John may show himself to be justly entitled.

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.06.10

Respectfully submitted,

Gorman Law Firm, pllc

By:_____

     Terry P Gorman, Esq. (lead)
     Texas Bar No. 08218200
     tgorman@school-law.co
     Chigozie Odediran
     Texas Bar No. 24098196
     codediran@school-law.co
901 Mopac Expressway South, Suite 300
Austin, Texas 78746
Telephone: (512) 980-4556 (direct)
Telecopier: (512) 597-1455
**ATTORNEYS FOR PLAINTIFF
JOHN RRISD-WA DOE**

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.06.10