# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **Aaron Wolber** | § | |
| | § | |
| **V.** | § | **1:19-cv-602-AWA** |
| | § | |
| **Round Rock Independent School District** | § | |

## ORDER

Before the Court is Defendant's Rule 12(b)(6) Motion to Dismiss (Dkt. No. 5), as well as the response and reply. Having considered the motion, the Court concludes that Plaintiff has failed to state a claim and the Court will therefore grant the motion.

## I. Background

Pursuant to a one year term contract, Plaintiff Aaron Wolber[1] was a teacher employed by the Round Rock Independent School District for the 2017-2018 school year. Toward the end of the school year, RRISD informed Wolber that it was investigating complaints regarding his "teaching methods and execution of school policy." On April 9, 2018, RRISD placed Wolber on paid administrative leave for the remainder of the school year. Then, on May 4, 2018, RRISD notified Wolber that the school board had voted to propose that his contract not be renewed for the coming school year, pursuant to § 21.206 of the Texas Education Code. Wolber informed the District that he opposed the nonrenewal and requested a hearing. A hearing was held over two separate days. At the hearing, the District called seven witnesses and Wolber called twelve. A number of documents were admitted without objection by either party. At the conclusion of the hearing, the

---

[1] This suit was originally filed anonymously, and the plaintiff was therefore identified as "John Doe." After an order by the Court directing the plaintiff to provide an explanation for the need to proceed anonymously, the plaintiff chose to not respond and allow the case to proceed under his actual name. The Clerk is therefore **ORDERED** to amend the style of the case as set out above.

Board affirmed the nonrenewal of Wolber's contract. Wolber appealed to the Texas Commissioner of Education, but the appeal was rejected because Wolber failed to file a timely brief.

In this case, Wolber sues RRISD, raising a host of claims: (1) a claim under Title VI of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991; (2) a claim under the Fair Labor Standards Act; (3) claims under § 1983 alleging Fourteenth Amendment due process and equal protection violations, and a First Amendment freedom of expression violation; and (4) claims under the Texas Constitution, alleging due course, equal rights and free speech violations. RRISD moves to dismiss all of the claims.

## II. Standard

Rule 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted." While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2009).

## III. Analysis

In its motion to dismiss, RRISD argues that Wolber cannot state a claim under Title VI, as he fails to allege that he is a member of any class protected by the Civil Rights Act. In his response, Wolber states that he will abandon that claim, and the Court therefore need not address it further. The District next argues Wolber's FLSA claim should be dismissed because Wolber fails to allege any of the bases for such a claim—he does not allege RRISD failed to pay him minimum wage or overtime, nor does he claim to be a minor for whom his employer is required to keep certain records. In his response, Wolber clarifies that he is making a claim under the equal pay provisions of the FLSA, and RRISD replies that the claim suffers from several fatal flaws. Next, RRISD contends that all of the § 1983 claims should be dismissed for a variety of missing elements. Lastly, the District argues that the claims under the Texas constitution fail for many of the same reasons as the federal claims fail.

### A.  FLSA Equal Pay Claim

As noted, in his response to the motion to dismiss, Wolber claims that his Complaint raises a claim under the Equal Pay Act of the FLSA. Leaving aside the rather glaring problem that the Complaint says nothing about the Equal Pay Act, this claim still fails. The Equal Pay Act protects workers against discrimination on the basis of sex with regard to their pay. 29 U.S.C. § 206(d)(1). As RRISD points out, the Complaint is completely devoid of any factual allegations to support the assertion that Wolber was paid differently than his female counterparts. But that is not the least of this claim's failings. Wolber has also failed to allege—indeed, as a matter of law he cannot allege —the most fundamental aspect of this claim: that he was an employee of RRISD for the 2018-19 school year.

As Wolber explains in his response, his Equal Pay Act claim is based on a fundamental assumption:

> Because the Nonrenewal of [Wolber's] Term Contract did not occur before the beginning of the 2018-2019 school year, [the] Term Contract was in a continuing status for the 2018-2019 school year. As a result, Defendant RRISD had an obligation to pay [Wolber], yet did not, in violation of the equal pay act provision of the FLSA.

Dkt. No. 14 at 5. In other words, Wolber's claim is not that he was paid disproportionately to other employees, but rather that he was not paid at all, despite allegedly being under contract for 2018-19. This assertion, however, fails as a matter of law.

Under Texas law, if a school district gives a teacher notice of its intent not to renew the teacher's contract for the coming year, the teacher has a right to have a hearing on that issue within 15 days of the teacher's request. TEX. EDUC. CODE §21.207(a). There is no dispute that RRISD gave Wolber the required statutory notice of nonrenewal, that Wolber requested a hearing, and that a hearing was held. Wolber further concedes that he agreed in writing to waive his right to have the hearing within 15 days of his request, and expressly agreed to the specific dates on which the hearing took place. Wolber's argument is that, notwithstanding these facts, because RRISD failed to complete the hearing and affirm its decision not to renew his contract *before* the beginning of the 2018-19 school year, his contract from the prior year automatically rolled over and went into effect for the new school year. This, however, very plainly misreads Texas education law.

Under Texas law, there is only one statutory provision that declares that a contract automatically rolls over into the next year: TEX. EDUC. CODE § 21.206(b). That provision requires a school district to give a teacher notice that it intends not to renew the teacher's contract "[n]ot later than the 10th day before the last day of instruction in a school year." *Id.* at 21.206(a). If a district

4

fails to meet this deadline, then the contract automatically renews for the coming year. *Id.* at § 21.206(b). The provisions addressing when a hearing is to occur only state that the hearing must take place within 15 days of the date on which the teacher requests the hearing. *Id.* at § 21.207(a). A district's failure to meet this deadline does not have any particular consequence under the statute, and certainly nothing in the statute states that it causes the contract to automatically renew. Further, the statute creates an express exception to the 15-day deadline where "the parties agree in writing to a different date." *Id.* As noted, Wolber agreed to the extension of the hearing. And nothing in the statute supports Wolber's argument that if the hearing and decision, even if extended by agreement, do not occur before the next school year begins, the contract from the prior year automatically renews for the next year. Rather, he has created this argument out of whole cloth. Basic rules of statutory construction demonstrate the argument's fallacy. Given that the legislature specifically provided for the automatic renewal of a contract when a school district fails to give a teacher timely notice of nonrenewal, it is plain that it knew how to include such a consequence to remedy a failure of a school district to meet a time deadline. The fact that *in the very next section* the legislature imposed a deadline for a hearing and did *not* include such a remedy means that it did so intentionally, and it would be inconsistent with the statute to argue otherwise. "In statutory construction, all words and phrases of an entire act must be considered together, and 'one provision will not be given a meaning out of harmony or inconsistent with other provisions, although it might be susceptible of such construction if standing alone.'" *Borden Inc. v. Sharp*, 888 S.W.2d 614, 620 (Tex. App. – Austin 1994) (quoting *Black v. American Bankers Ins. Co.*, 478 S.W.2d 434, 437 (Tex.1972)).

In sum, Wolber's claim that he was under contract with RRISD to teach in the 2018-19 school year is legally flawed. As a result, his claim under the Equal Pay Act, even if it were supported by sufficient factual allegations (which it is not), fails to state a claim.

**B.    1983 Claims**

Wolber makes three separate federal constitutional claims, all brought under § 1983: (1) a claim that RRISD violated both his substantive and procedural due process rights in violation of the Fourteenth Amendment; (2) a claim that RRISD violated his right to equal protection in violation of the Fourteenth Amendment; and (3) a claim that RRISD violated his free speech rights in violation of the First Amendment.

**1.    Due Process**

As noted, Wolber raises both substantive and procedural due process clams (though his pleadings do a poor job of articulating those claims separately). In general, Wolber complains about a number of alleged deficiencies in both the investigation leading to his non-renewal, and the non-renewal proceedings themselves. But because the due process claim suffers from a fundamental failing, the Court need not review these alleged deficiencies.

To state a claim under the Due Process Clause, a plaintiff must first establish that he has a protected property right entitling him to due process protections. Here, that means Wolber must demonstrate that he had a clearly established property right in his continued employment with RRISD. *Lewis v. Univ. of Tex. Med. Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011). Whether Wolber possessed such a property right is a state law question. *Wells v. Hico Indep. Sch. Dist.*, 736 F.2d 243, 252 (5th Cir. 1984). As already noted, Wolber had a one year contract with RRISD for the 2017-18 school year. The contract expressly stated that "[n]o right of tenure or any

other contractual obligation, other expectancy of continued employment, or claim of entitlement is created beyond the contract term." Dkt. No. 5-1 at 5, ¶ 15.[2] The Fifth Circuit has held in a number of cases that a teacher's protected property right is limited to the term of their contract, and does not extend beyond it. *See, e.g., Markwell v. Culwell*, 515 F.2d 1258, 1259 (5th Cir. 1975). Texas case law—which governs the issue—was so settled that the legislature codified it in the Education Code, which now states that "a teacher does not have a property interest in a contract beyond its term." TEX. EDUC. CODE § 21.204(e). This is fatal to Wolber's due process claim. Because he had no property right in employment with RRISD past the end of the 2017-18 school year, he cannot state a due process claim.[3]

2.  **Equal Protection**

Wolber's equal protection claim is based on the factual allegation that RRISD chose not to renew his contract for 2018-19 because of his gender. RRISD seeks dismissal of this claim based on Wolber's failure to plead sufficient facts to demonstrate that the District may be held liable under the *Monell* doctrine. As the Fifth Circuit has explained, "[u]nder the decisions of the Supreme Court and this court, municipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the

---

[2] Wolber did not attach a copy of his 2017-18 contract with RRISD to his complaint, and thus RRISD submitted it with its motion to dismiss. *See* Dkt. No. 5-1. When a contract is attached to a motion to dismiss, referred to in the complaint, and is central to a plaintiff's claims, a court may consider the contract in considering the motion. *In re: Katrina Canal Breaches* 495 F.3d at 205.

[3] Even if Wolber had been able to identify a protected property right in continued employment with RRISD, his due process claims would still fail. There is little question that the extensive, two-day hearing he was provided was more than adequate to fulfill RRISD's obligation to provide Wolber with process, and similarly, the facts Wolber pleads are not sufficient to show RRISD acted "arbitrarily and capriciously," as required to state a substantive due process claim.

policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. Dep't. of Social Services*, 436 U.S. 658, 694 (1978)). RRISD argues that Wolber has failed to "identify a Board policy or custom that led to a violation of his equal protection rights." Dkt. No. 5 at 13. Wolber's sole response is that "the action of the Board itself is sufficient, as the policy maker of a school district is indeed the Board." Dkt. No. 15 at 14. Wolber is incorrect, as far more than this is required to adequately plead a § 1983 claim against a municipality.

The failing in Wolber's argument is that all he has identified is a *decision* by the Board, whereas *Monell* requires that he identify a *policy* of the Board that caused his injury. In *Piotrowski*, the court explained:

> Municipal liability for section 1983 violations results if a deprivation of constitutional rights was inflicted pursuant to official custom or policy. Official policy is ordinarily contained in duly promulgated policy statements, ordinances or regulations. But a policy may also be evidenced by custom, that is:
>
> > (2) . . . a persistent, widespread practice of City officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy . . . . Actions of officers or employees of a municipality do not render the municipality liable under section 1983 unless they execute official policy as above defined.

*Id.* at 579 (citing *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984), and *Bd. of Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 405-07 (1997)). Wolber wholly fails to allege any Board policy or custom of gender discrimination that resulted in it not renewing his contract. Indeed, the few allegations he makes on this point are incredibly vague, and focus on actions of principals, counselors and administrators, not board members. *See, e.g.*, Dkt. No. 1 at 33-34. These are far from sufficient facts to support holding RRISD liable under *Monell*.

### 3. Free Speech

Wolber's final § 1983 claim alleges that RRISD violated his First Amendment right to free speech when it chose not to renew his contract for 2018-19. RRISD argues that this claim should be dismissed because Wolber has failed to identify any speech by him on a matter of public concern that allegedly led to his non-renewal. Wolber does not respond to this argument, and thereby has abandoned this claim.[4]

### C. Claims under the Texas Constitution

Finally, Wolber alleges that the same conduct that violated his federal constitutional rights also violated his rights under the Texas constitution, specifically, his rights under Article 1, Sections 3 (equal protection), 8 (free speech) and 19 (due course). RRISD argues that these claims should be dismissed for roughly the same reasons the federal clams should be dismissed, and notes that Texas courts look to federal law in applying the Texas Bill of Rights. Wolber offers no substantive response to RRISD's arguments, stating only that "as Defendant's arguments against [Wolber's] Section 1983 claims fails [sic], Defendant's parallel arguments as to [Wolber's] Texas Constitutional claims also fail." Dkt. No. 14 at 14.

In 1995 the Texas Supreme Court held that "there is no implied private right of action for damages arising under the free speech and free assembly sections of the Texas Constitution." *City of Beaumont v. Boullion*, 896 S.W.2d 143, 147 (Tex. 1995). This same conclusion applies equally to the due course and equal protection clauses of the Texas Bill of Rights. *Kinnison v. City of San Antonio*, 727 F. Supp. 2d 548, 558 (W.D. Tex. 2010), *vacated on other grounds*, 480 Fed. Appx. 271

---

[4] *See Johnson v. Citigroup Mort. LoanTrust Inc.*, 2017 WL 3337268 at *11 (W.D. Tex. Aug. 3, 2017) (citing *Black v. N. Panola Sch. Dist.*, 461 F.3d 584 n.1 (5th Cir. 2006)).

(2012) (due course); and *Vincent v. West Texas State Univ.,* 895 S.W.2d 469, 475 (Tex. App.–Amarillo 1995, no pet.) (equal protection and free speech). Thus, the only type of private suit permitted under the Texas constitution is a suit for equitable or injunctive relief. Recognizing this, the sole relief Wolber seeks for his Texas constitutional claims is reinstatement to his teaching position, and expungement from his personnel records of any reference to his non-renewal "and all other materials reflecting negatively on [him]." Dkt. No. 1 at 41. The Court will therefore review the claims individually.

1. **Equal Rights**

As with his equal protection claim, Wolber's Texas equal rights claim contends that the RRISD chose not to renew Wolber's contract because of his gender. As mentioned, the Texas Bill of Rights is construed in harmony with its federal counterpart. Thus, a plaintiff alleging a violation of the Texas equal rights clause must show that they were treated differently than similarly situated people from a different "classification." *Govant v. Houston Cmty. College Sys.*, 72 S.W.3d 69, 74-75 (Tex. App.–Houston [14th Dist.] 2002, no pet.). Though Wolber makes general allegations about male teachers being treated differently than females, there are no facts in the complaint alleging that the Board chose not to renew his contract because of his gender. Nor does he offer a single example of a female teacher in similar circumstances who was treated differently. Conclusory allegations are not enough to state a plausible claim, and the little that Wolber has alleged on this issue is insufficient.

2. **Free Speech**

Wolber's Texas-based free speech claim fails for the same reason as his federal claim—he fails to allege any speech on a matter of public concern as the basis of his claim. As noted, Texas

courts look to federal law in interpreting the Texas free speech clause. *Tex. Dep't of Transp. v. Barber*, 111 S.W.3d 86, 106 (Tex. 2003). To have a valid free speech claim under the Texas constitution, Wolber must show that he spoke on a matter of public concern. *Compton v. Port Arthur Ind. Sch. Dist.*, 2017 WL 3081092 at *4 (Tex. App. – Beaumont, July 20, 2017). As noted earlier, the complaint makes no such allegation, and Wolber did not even respond to this point in his briefing. His Texas free speech claim fails.

### 3. Due Course

Wolber's final Texas constitutional claim alleges a "due course" violation. As with its federal counterpart, in these circumstances the Texas due course clause requires that Wolber demonstrate he had a property right in continued employment beyond the 2017-18 school year. As already mentioned, Texas law forecloses any such claim, stating explicitly that no teacher has a property right in employment beyond the term of their contract. TEX. EDUC. CODE § 21.204(e). Because he had no property right in being employed past the end of the 2017-18 school year, Wolber has no valid due course claim against RRISD for not renewing his contract for 2018-19.

## IV. Dismissal v. Leave to Amend

Generally, when a court dismisses a plaintiff's complaint under Rule 12(b)(6) because he has failed to allege sufficient facts, the court should give the plaintiff an opportunity to cure the defect by amending the complaint. As the Fifth Circuit explained, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). This is not the case, however, when the defect is a legal one. Here, most of Wolber's claims suffer from legal deficiencies. The only claims that do not are his federal and Texas equal protection claims.

Accordingly, before dismissing those claims, the Court will give Wolber the opportunity to attempt to allege sufficient facts to support those claims.

## V. Conclusion

As the Supreme Court observed 45 years ago,

> The system of public education that has evolved in this Nation relies necessarily upon the discretion and judgment of school administrators and school boards, and § 1983 was not intended to be a vehicle for federal court correction of errors in the exercise of discretion which do not rise to the level of specific constitutional guarantees.

*Wood v. Strickland*, 420 U.S. 308, 326 (1975). Though Wolber may be justifiably upset over not having his contract renewed for the 2018-19 school year, this does not mean that RRISD violated his constitutional rights in making that decision. Accordingly, Defendant's Rule 12(b)(6) Motion to Dismiss (Dkt. No. 5) is **GRANTED**, and the following claims are **DISMISSED WITH PREJUDICE**: Plaintiff's claims under Title VI, the FLSA, the federal and Texas due process (or "due course") clauses, and the federal and Texas free speech clauses. Plaintiff's federal equal protection and Texas equal rights claims are **DISMISSED WITHOUT PREJUDICE**, subject to being re-pled with sufficient particularity to state a claim. Any such amended complaint shall be filed no later than April 17, 2020. Failure to file an amended complaint by that date will be construed by the Court as a choice by Wolber not to attempt to state such a claim, and shall result in the case being dismissed in its entirety.

SIGNED this 31st day of March, 2020.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE