## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **AARON WOLBER** | § | |
| | § | |
| **v.** | § | **1:19-cv-602-AWA** |
| | § | |
| **ROUND ROCK INDEPENDENT** | § | |
| **SCHOOL DISTRICT** | § | |

### <u>ORDER</u>

Before the Court is Defendant's second Motion to Dismiss (Dkt. No. 26).  Plaintiff did not file a Response.  Having considered the motion, the Court concludes that Plaintiff has failed to state a claim and the Court will therefore grant the Defendant's motion.

### I.  BACKGROUND

Pursuant to a one year term contract, Plaintiff Aaron Wolber was a teacher employed by the Round Rock Independent School District for the 2017-2018 school year.  Toward the end of the school year, RRISD informed Wolber that it was investigating complaints regarding his "teaching methods and execution of school policy."  On April 9, 2018, RRISD placed Wolber on paid administrative leave for the remainder of the school year.  Then, on May 4, 2018, RRISD notified Wolber that the school board had voted to propose that his contract not be renewed for the coming school year, pursuant to § 21.206 of the Texas Education Code.  Wolber informed the District that he opposed the nonrenewal and requested a hearing.  A hearing was held over two separate days. At the conclusion of the hearing, the Board affirmed the nonrenewal of Wolber's contract.  Wolber appealed to the Texas Commissioner of Education, but the appeal was rejected because Wolber failed to file a timely brief.

Wolber originally brought suit against RRISD alleging a host of claims including: (1) a claim under Title VI of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991; (2) a claim under the Fair Labor Standards Act; (3) claims under § 1983 alleging Fourteenth Amendment due process and equal protection violations, and a First Amendment freedom of expression violation; and (4) claims under the Texas Constitution, alleging due course, equal rights and free speech violations.  On March 31, 2020, the Court granted RRISD's first motion to dismiss (Dkt. No. 5) and dismissed with prejudice all of Wolber's claims except his federal equal protection claim and Texas equal rights claim.  Dkt. No. 23.  While the Court did not dismiss the equal protection claims, it did find that those claims, as pled, failed to state a claim under Rule 12(b)(6), and gave Wolber the opportunity to replead them if he so chose.  In response to the Court's order, Wolber filed his First Amended Complaint.  Dkt. No. 25.  With the instant motion, RRISD now moves again to dismiss, contending that even as restated, the equal protection causes of action still fail to state a claim.  Dkt. No. 26.  Wolber did not file a response.

## II.  LEGAL STANDARD

Rule 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted."  While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.*  The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim

2

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true.  *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2009).

### III.  ANALYSIS

As noted, Wolber failed to respond to Defendant's Motion to Dismiss.  Pursuant to Local Rule CV-7(e), if there is no response filed within the time period prescribed by the rules, the court may grant the motion as unopposed.  *See* Local Court Rule CV-7(e)(2) (responses to dispositive motions due within 14 days of motion's filing).  Given, however, that the instant motion asks the Court to dismiss the claims with prejudice, and because dismissing claims for procedural failures is disfavored, the Court will review the merits of RRISD's motion.

### A.    Equal Protection Claim Under § 1983

Wolber's Amended Complaint alleges a federal equal protection claim under § 1983 based on the factual allegation that RRISD chose not to renew his contract for 2018-19 because of his gender.  As the Fifth Circuit has explained, "[u]nder the decisions of the Supreme Court and this court, municipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. Dep't. of Social Services*, 436 U.S. 658, 694 (1978)).  Thus, RRISD may be held liable under Section 1983 only if Wolber demonstrates with sufficient, plausible facts that RRISD's final policymaker knew about or had constructive knowledge of "persistent and widespread" constitutional violations that were the

moving force behind the alleged violation.  *See Pineda v. City of Houston*, 291 F.3d 325, 328 (5th

Cir. 2002).  Further, a plausible equal protection claim under § 1983 must allege specific facts that

the plaintiff was treated differently from specifically identified, similarly situated individuals, and

"[a]llegations that are merely conclusory . . . will not suffice."  *See Priester v. Lowndes Cty*., 354

F.3d 414, 420 (5th Cir. 2004).  RRISD argues that Wolber has "wholly failed to identify a RRISD

Board policy or custom of gender discrimination that was the moving force of the Board's decision

not to renew his term contract".  Dkt. No. 26 at 8-9.  RRISD further asserts that Wolber's claim also

fails because Wolber does not allege any specific facts to support his allegations of discriminatory

treatment or animus towards him by the Board.  *Id.* at 9.  The Court agrees.

In its prior order, the Court explained that Wolber's Original Complaint was insufficient to

allege a *Monell* claim because it "wholly fail[ed] to allege any Board policy or custom of gender

discrimination that resulted in it not renewing his contract.  Indeed, the few allegations he makes on

this point are incredibly vague, and focus on actions of principals, counselors and administrators, not

board members."  Dkt. No. 23 at 8.  Despite this guidance from the Court and the opportunity to

amend, Wolber's Amended Complaint suffers the same deficiencies.  Wolber's Amended Complaint

still fails to connect any decision regarding his nonrenewal to RRISD Board members or any policy

or custom of the Board.  *See* Dkt. No. 25.  Therefore, the Court finds that Wolber's Amended

Complaint fails to adequately plead a § 1983 claim against RRISD.

### B.    Equal Rights Claim under the Texas Constitution

Wolber's Texas equal rights claim likewise contends that RRISD chose not to renew

Wolber's contract because of his gender.  A plaintiff alleging a violation of the Texas equal rights

clause must show that they were treated differently than similarly situated people from a different

"classification." *Govant v. Houston Cmty. College Sys.*, 72 S.W.3d 69, 74-75 (Tex. App.–Houston [14th Dist.] 2002, no pet.). Wolber's Amended Complaint suffers the same deficiencies that the Court noted in its order on his Original Complaint, as it still fails to "offer a single example of a female teacher in similar circumstances who was treated differently." *See* Dkt. No. 23 at p. 10. Instead, Wolber's Amended Complaint raises only vague and conclusory allegations that male teachers in RRISD are treated differently than female teachers. *See* Dkt. No. 25. Wolber's "[t]hreadbare recitals of the elements of [his] cause of action, supported by mere conclusory statements," are not sufficient to overcome RRISD's Rule 12(b)(6) motion. *See Iqbal*, 556 U.S. at 678. Accordingly, the Court finds that Wolber has failed to provide specific factual allegations to support a plausible equal rights claim.

### C.     Opportunity to Amend

As noted, the Court has already afforded Wolber the opportunity to amend (Dkt. No. 23). Because the Amended Complaint still fails to cure the deficiencies in the equal protection claims, the Court need not provide yet another amendment opportunity.

### IV.  CONCLUSION

Accordingly, Defendant's Rule 12(b)(6) Motion to Dismiss (Dkt. No. 26) is **GRANTED**, and Wolber's First Amended Complaint is **DISMISSED WITH PREJUDICE**.

SIGNED this 25th day of August, 2020.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE